USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | |
|---|---|
| v. | |
| Omar Martinez, | |
| *Defendant*. | |

**Protective Order**

**22 Cr. 72 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's presently ongoing investigation of uncharged individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any

Confidential Material on any Internet site or network site to which persons other than the parties

hereto have access, and shall not disclose any Confidential Material to the media or any third party

except as set forth below.

2. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or

retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) The defendant.

3. The Government may authorize, in writing, disclosure of Confidential Material beyond

that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Confidential Material in any hearing

or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All

filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for Confidential Material that has been made part of the record of this case, the

defense shall return to the Government or securely destroy or delete all Confidential Material,

including the seized ESI Confidential Material, within 30 days of the expiration of the period for

direct appeal from any verdict in the above-captioned case; the period of direct appeal from any

order dismissing any of the charges in the above-captioned case; or the granting of any motion

made on behalf of the Government dismissing any charges in the above-captioned case, whichever

date is later. To the extent this paragraph conflicts with the New York Code of Professional

Responsibility and/or attorneys' obligations to clients regarding file retention, however, the ethical rules govern.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

      DAMIAN WILLIAMS
      United States Attorney

by: _/s/ Kevin Mead_            Date:   February 11, 2022
      Kevin Mead
      Assistant United States Attorney

      _John Esposito_         Date:   2/14/2022
      Arthur L. Aidala and John Esposito
      Counsel for Omar Martinez

SO ORDERED:

Dated: New York, New York
      February 14, 2022

                             THE HONORABLE VALERIE E. CAPRONI
                             UNITED STATES DISTRICT JUDGE

4